Agapito **HERNANDEZ–SAMAYOA,**
Petitioner,

v.

John **ASHCROFT, Attorney General,*** Respondent.

No. 02–71694.
Agency No. A28–810–015.

United States Court of Appeals,
Ninth Circuit.

___

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* John Ashcroft, Attorney General, is the proper respondent. The clerk shall amend the docket to reflect the above caption.

Submitted Dec. 6, 2004.**

Decided Dec. 15, 2004.

Miguel D. Gadda, Law Offices of Miguel D. Gadda, San Francisco, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Donald A. Couvillon, Richard M. Evans, U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before GOODWIN, ALARCÓN, and TROTT, Circuit Judges.

MEMORANDUM ***

Agapito Hernandez–Samayoa, a native and citizen of Guatemala, petitions pro se for review of the Board of Immigration Appeals' ("BIA") summary affirmance of the immigration judge's ("IJ") denial of his motion to reopen deportation proceedings so that he could apply for suspension of deportation pursuant to the Nicaraguan Adjustment and Central American Relief Act ("NACARA"). We have jurisdiction under 8 U.S.C. § 1105a(a). *Kalaw v. INS,* 133 F.3d 1147, 1149–50 (9th Cir.1997). We review the denial of a motion to reopen for abuse of discretion. *Cano–Merida v. INS,* 311 F.3d 960, 964 (9th Cir.2002). We deny the petition for review.

■ The agency did not abuse its discretion when it denied petitioner's motion to reopen because he failed even to allege

---

** The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

before the IJ that he had applied for asylum, much less offer any evidence to establish that he had applied for asylum prior to April 1, 1990. *See* 8 C.F.R. § 1003.43(b), (d)(3), (e)(1) (NACARA suspension relief eligibility requires that Guatemalan national establish that he or she applied for asylum in the United States prior to April 1, 1990).

Petitioner's contention that the BIA's summary affirmance procedure was inconsistent with due process is foreclosed by *Falcon Carriche v. Ashcroft,* 350 F.3d 845, 848–49 (9th Cir.2003).

■ Petitioner was represented by now-disbarred attorney Miguel D. Gadda. The record indicates that Gadda's representation was unsatisfactory in several respects. Gadda belatedly offered a document indicating that petitioner attempted to apply for asylum in November 1988 in Texas. Because the agency has not had an opportunity to consider this evidence, we stay the issuance of the mandate for 90 days from the date of this disposition to allow petitioner the opportunity to file a motion to reopen with the BIA regarding the ineffective assistance of his former counsel.

**PETITION FOR REVIEW DENIED; MANDATE STAYED FOR 90 DAYS.**